**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID GUERRERO, | ) Case No. CV 18-9411-JGB (JPR) |
| Petitioner, | )<br>) ORDER ACCEPTING FINDINGS AND |
| v. | ) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE |
| THERESA CISNEROS, Acting<br>Warden,[1] | )<br>) |
| Respondent. | ) |

The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that judgment be entered denying the Petition and Petitioner's motion to expand the record and dismissing this action with prejudice.  See 28 U.S.C. § 636(b)(1).  On March 23, 2021, almost seven months after the R. & R. was issued, Petitioner retained counsel and on April 23 filed objections to

---

[1] Petitioner is incarcerated at the California Substance Abuse Treatment Facility, whose acting warden is Theresa Cisneros.  See Cal. Dep't of Corr. & Rehab. Inmate Locator, https:// inmatelocator.cdcr.ca.gov (search by name) (last visited May 28, 2021).  Cisneros is therefore substituted in as the proper Respondent.  See Fed. R. Civ. P. 25(d); see also R. 2(a), Rs. Governing § 2254 Cases in U.S. Dist. Cts.

the R. & R. through him.[2]  Respondent did not respond.

**I.   Motion to Expand the Record**

Petitioner appears to argue that the Court should construe the proposed new exhibits as modifying the Petition's existing ineffective-assistance claims or raising new ineffective-assistance claims and grant him leave to amend the Petition to include them.  (See Objs. at 4-6.)  But even if the Court were to construe the proposed exhibits as timely modifying the Petition's arguments, it still wouldn't be able to consider the exhibits under Cullen v. Pinholster, 563 U.S. 170, 181-82 (2011), because they were never presented to the state court.  Further, if the new evidence placed the Petition's ineffective-assistance claim "in a significantly different and stronger evidentiary posture than it was when the state courts considered it," that would render it unexhausted.  Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988) (per curiam) (as amended) (citation omitted); see Gonzalez v. Wong, 667 F.3d 965, 980 (9th Cir. 2011) (holding that when federal petition included new evidence that wasn't presented to state court, making claim "colorable or potentially

---

[2] On December 8, 2020, Petitioner moved to stay the case under Rhines v. Weber, 544 U.S. 269 (2005), so that he could exhaust a claim that he should be resentenced under Senate Bill 1437.  His stay request, which isn't addressed in his counseled objections, is denied because any claim that the state court improperly denied resentencing under SB 1437 would not be cognizable on federal habeas review.  See, e.g., Rodriguez v. Corvello, No. CV 20-01832-PA (AS), 2021 WL 1603244, at *2 n.7 (C.D. Cal. Mar. 25, 2021), accepted by 2021 WL 1600301 (C.D. Cal. Apr. 22, 2021); Cole v. Sullivan, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020).  Further, any ruling on such a resentencing petition would likely constitute a "new judgment," triggering an entirely separate limitation period.  See Young v. Cueva, No. CV 20-8304-CJC(E), 2020 WL 8455474, at *2 (C.D. Cal. Oct. 27, 2020).

1   meritorious," "appropriate course" was for petitioner to exhaust

2   newly supported claim in state court).

3        Moreover, as the Magistrate Judge pointed out, the proposed

4   exhibits largely pertain to ineffective-assistance claims

5   Petitioner didn't raise in the Petition (see R. & R. at 12 n.5),

6   and it's unlikely that any new ineffective-assistance claims,

7   which appear to fault counsel for additional miscues not raised

8   in the Petition, would relate back.  See Schneider v. McDaniel,

9   674 F.3d 1144, 1152 (9th Cir. 2012) (finding that amended

10  petition asserting ineffective assistance based on counsel's

11  failure to develop intoxication defense did not relate back to

12  original petition's claim that counsel failed to have petitioner

13  evaluated by psychiatrist).  And any new claims would also be

14  unexhausted, as the Magistrate Judge explained.  (See R. & R. at

15  12 n.5.)

16       Petitioner argues that the Court should consider his

17  unexhausted ineffective-assistance claims because he has shown

18  "cause and prejudice" for any procedural default and is "actually

19  innocent."[3]  (Objs. at 6-7.)  He confuses exhaustion with

20

21        [3] A petitioner asserting his actual innocence must show that
22  "it is more likely than not that no reasonable juror would have
    convicted him in the light of the new evidence" presented in his
23  habeas petition.  Schlup v. Delo, 513 U.S. 298, 327 (1995).  But
    Petitioner's actual-innocence argument doesn't appear to be based
24  on any new evidence but rather on his contention that he "merely
    . . . passed" one of his codefendants a gun "without any knowledge
25  of what [he] intended to do with it" and was inside his house at
    the time of the shooting.  (Objs. at 13; see id. at 11 (citing
26  Lodged Doc. 13, Augmented Clerk's Tr. at 3-4).)  But as the
    Magistrate  Judge  observed,  although  Petitioner's  girlfriend
27  initially told detectives he didn't leave the house after giving
    his codefendant a gun (see Lodged Doc. 13, Augmented Clerk's Tr. at
28

procedural default.  Although the Supreme Court has recognized that a petitioner's actual innocence may "overcome various procedural defaults," McQuiggin v. Perkins, 569 U.S. 383, 392-93 (2013) (listing such procedural bars), the failure to comply with 28 U.S.C. § 2254(b)(1)'s exhaustion requirement is not among them.  See, e.g., Sermeno v. Spearman, No. 2:14-cv-2729 DAD P., 2015 WL 4910500, at *3 n.2 (E.D. Cal. Aug. 17, 2015), modified on reconsideration by 2016 WL 6891744, at *3 (E.D. Cal. Nov. 23, 2016) (noting that argument similar to Petitioner's impermissibly "combines two separate doctrines" of habeas law).  Indeed, a federal habeas court can consider an unexhausted claim only if it is not even "colorable" and must therefore be denied.  Cassett v. Stewart, 406 F.3d 614, 621 n.5, 623-24 (9th Cir. 2005) (noting that "exhaustion requirement is distinct from the procedural default rules").

**II.  Gang Evidence**

Petitioner argues that the Magistrate Judge erred in finding that the court of appeal's rejection of his claim that the trial court improperly admitted "cumulative, inflammatory, and irrelevant gang evidence" was not objectively unreasonable.

---

3-4), she subsequently acknowledged that he did (see Lodged Doc. 11, Clerk's Tr. at 107).  All her varying statements were presented to the jury.  (See Lodged Doc. 14, 7 Rep.'s Tr. at 1864-72, 1899-903.)  He also maintains that the evidence reflected that it was "more likely than not" that the gun used to shoot the victim belonged to Danny Guerrero, another gang member.  (Objs. at 13.)  But the evidence of that was also before the jury (see Lodged Doc. 5 at 2-6), which nonetheless convicted Petitioner.  Thus, his actual-innocence claim is in any event woefully inadequate to excuse any procedural failings.

(Objs. at 9; see id. at 8-11.)  Specifically, he contends that
the challenged gang evidence was prejudicially cumulative of
other prosecution evidence.  (See id. at 9-11.)  But as the
Magistrate Judge explained, evidence that Petitioner and his
codefendants and the victim were members of rival gangs that were
at war at the time of the shooting and that Petitioner was
present during an earlier shooting involving the gangs was
directly relevant to his motive and to showing that the murder
was committed for his gang's benefit, which the prosecution had
to establish to prove the gang enhancement.  (R. & R. at 20-22.)
Without that evidence, the jury would have been left without much
context for why he and his codefendants murdered the victim.
Further, for the reasons detailed in the R. & R., any undue
prejudice was mitigated by the prosecutor's arguments and the
court's instructions (see R. & R. at 22-23), and any error was
harmless (see id. at 25-26).

    Petitioner also contends that in finding that testimony that
police recovered eight guns and ammunition from Danny Guerrero's
apartment was "relevant to . . . dispelling the impression that
because one of the murder weapons was found in [Guerrero's]
possession, he must have been involved in the crime" (R. & R. at
24-25 (quoting court of appeal)), the Magistrate Judge
effectively "approv[ed] of the state court prohibiting Petitioner
from presenting a defense at his trial."  (Objs. at 10.)  The
Magistrate Judge did no such thing, and Petitioner does not
explain himself.  Nothing prevented him from advancing a theory,
as he does in his Objections, that Danny Guerrero was the actual
shooter.  (See id. at 13.)  But as the Magistrate Judge

recognized, the prosecution was entitled to introduce evidence
undermining that inference by showing that he was simply the
gang's armorer.  (See R. & R. at 24-25.)

**III.  Jury Instruction**

Petitioner argues that the Magistrate Judge erred in finding
that the state court reasonably denied his instructional-error
claim; according to Petitioner, any error was not harmless.  (See
Objs. at 13.)  But the Magistrate Judge didn't simply find that
any error was harmless because Petitioner's conviction was
subsequently reduced from first- to second-degree murder.  (See
id.)  Even though that was a proper consideration, see Torres v.
Peery, No. 2:16-cv-0385 MCE DB P, 2018 WL 3197903, at *11 (E.D.
Cal. June 26, 2018), she also properly found that "viewed in the
context of the overall charge, . . . it was not reasonably likely
the jury convicted Petitioner without deciding that he bore the
requisite state of mind to commit murder."  (R. & R. at 31-32.)

**IV.   Ineffective Assistance of Counsel**

Petitioner reiterates the Petition's arguments that trial
counsel was ineffective "for failing to prepare for trial."
(Objs. at 13; see id. at 17-18.)  For the reasons discussed in
the R. & R., he has not established that counsel performed
deficiently or that any deficient performance was prejudicial.
(See R. & R. at 39-49.)  For instance, he claims that counsel
failed to "produce significant, exculpatory witness testimony
including alibi testimony."  (Objs. at 18.)  But as the
Magistrate Judge observed, the five witnesses that trial counsel
allegedly failed to call because of the limited time she had to
prepare for trial (nine months) all testified at his first trial,

in which he was convicted.  (See R. & R. at 44.)  Counsel also explained that she had made a tactical decision not to call Petitioner's alibi witness because he wasn't credible (see id.); and another witness he claims she should have called testified at his first trial that he, the witness, was not even present at the shooting, undermining his earlier statement to police that Petitioner wasn't involved (see id. at 45-46).  Finally, as the Magistrate Judge found, although Petitioner faults counsel for failing to adequately investigate his case, he doesn't identify any exculpatory information additional investigation would have produced.  (See id. at 46-49.)

**V.  Sentencing**

Petitioner argues that the Magistrate Judge incorrectly found that he was not entitled to habeas relief on his sentencing claim, pointing out that had trial counsel appealed from his September 19, 2017 resentencing, as Petitioner claims without evidence he asked him to do, he would have been able to seek resentencing under Senate Bill 620.  (Objs. at 18.)  But he does not challenge the Magistrate Judge's finding that his sentencing claim "involves only state sentencing law and thus does not give rise to a federal question" (R. & R. at 49), which is reason alone to deny it, and he never raised the appeal issue as part of his ineffective-assistance claim.

Having reviewed de novo those portions of the R. & R. to which Petitioner objects, the Court agrees with and accepts the findings and recommendations of the Magistrate Judge.  IT THEREFORE IS ORDERED that judgment be entered denying the Petition and Petitioner's motions to expand the record and for a

1  stay and dismissing this action with prejudice.

2

3  DATED:  June 11, 2021

4  JESUS G. BERNAL
   U.S. DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28